THE STATE OF OHIO *v.* BERRY.

[Cite as *State v. Berry* (1999), 85 Ohio St.3d 1201.]

(No. 93–2592—Submitted and decided February 18, 1999.)

*David H. Bodiker,* Ohio Public Defender, *Joseph Wilhelm,* Chief Appellate Counsel, Death Penalty Division, and *J. Joseph Bodine, Jr.,* Assistant Public Defender, urging allowance of the motions.

*Betty D. Montgomery,* Attorney General, *Bradley D. Barbin,* Criminal Justice Director, *Sharon McClellan* and *Michael L. Collyer,* Assistant Attorneys General, urging denial of the motions.

*Per Curiam.* Wilford Lee Berry, Jr. had expressed his desire to forgo further review of his convictions and death sentence. On November 18, 1996, we remanded the cause to the Court of Common Pleas of Cuyahoga County for a hearing on his competence to make the decision to waive review. *State v. Berry* (1996), 77 Ohio St.3d 1439, 671 N.E.2d 1279. On June 16, 1997, Berry reiterated, in open court, his desire to forgo any further challenges to his conviction and death sentence. On December 3, 1997, after reviewing the hearing record, we found Berry "competent to decide for himself whether to pursue or forgo further legal challenges to his conviction and death sentence." *State v. Berry* (1997), 80 Ohio St.3d 371, 383, 686 N.E.2d 1097, 1106.

In support of the pending Renewed Motion for Additional Evaluation of Appellant's Competence to Forgo Challenges to Convictions and Death Sentence, the Public Defender submits evidence relating to a severe beating Berry received during a prison disturbance on September 5, 1997—several weeks *after* Berry, in open court, reiterated his desire to waive further review of his case.[1]

---

1. On September 17, 1997, the Public Defender filed a "Motion for Additional Evaluation" on the basis of the September 5 beating. We denied that motion on September 23, 1997. *State v. Berry* (1997), 80 Ohio St.3d 1402, 684 N.E.2d 335. Today the Public Defender renews it and also requests a stay of Berry's execution, scheduled for February 19, 1999.

We have reviewed the evidence, which includes court documents, physician's progress and nursing notes, and affidavits from a psychiatrist and neurologist. That evidence fails to raise a question as to the correctness of our original decision on this issue that Wilford Berry was competent to decide to forgo appeals of his conviction and death sentence at the time he decided to do so. Neither does the submitted evidence raise a question as to Berry's continued competence to forgo his rights to appeal.

The Public Defender's motions for additional evaluation of Berry's competence to forgo his challenges to convictions and death sentence and for stay of execution are denied.

*Motions denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

PFEIFER and COOK, JJ., concur in judgment only.